**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lee Williams,<br><br>        Plaintiff,<br><br>v.<br><br>Metropolitan Water District,<br><br>        Defendant. | No. CV-21-00030-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendant Metropolitan Water District of Southern California's ("Metropolitan") motion to dismiss. (Doc. 7.) For the following reasons, the motion is granted and this action is terminated.

As background, this is the latest in a string of lawsuits filed by *pro se* plaintiff James Lee Williams ("Williams"). All of the lawsuits relate, in one way or another, to a parcel of land in Imperial County, California, in an area known as "Yuma Island." Although the land is located in California, it is owned by the state of Arizona, which in turn has leased it to Williams.

In one of the earlier lawsuits, filed in this Court in October 2017, Williams sued the state of Arizona, the state of California, the United States Department of the Interior, and Metropolitan. *Williams v. Arizona*, 2018 WL 6605845, *1 (D. Ariz. 2018). "[T]he crux" of Williams's claims in that action was "that Defendants fraudulently took the water entitlements authorized for the land on the Yuma Island and that he was denied the right to acquire the water entitlements and land." *Id.* at *3 (cleaned up). "Additionally, [Williams]

appear[ed] to argue that Defendants somehow defrauded or manipulated the U.S. Supreme Court into reaching its decisions on Colorado River water rights in *Arizona v. California*." *Id.* at 3 n.3. In a December 2018 order, Judge Humetewa dismissed Williams's claims without leave to amend, holding (among other things) that: (1) Williams hadn't responded to many of the defendants' dismissal arguments, which could be construed as consent to the granting of their motions; (2) Arizona was both entitled to sovereign immunity and an indispensable party, and thus Williams's claims against the remaining defendants could not go forward in Arizona's absence; and (3) "to the extent [Williams] is arguing the U.S. Supreme Court's decision in *Arizona v. California* is the product of fraud, this Court does not have subject matter jurisdiction over that claim." *Id.* at 2-5 & n.3. The Ninth Circuit summarily affirmed in October 2019, holding that "the questions raised in this appeal are so insubstantial as not to require further argument." *Williams v. Arizona*, 2019 WL 8064707, *1 (9th Cir. 2019).

In June 2018, Williams filed a different *pro se* action in this Court. *Williams v. Fulp et al.*, 18-cv-2000 (D. Ariz.). Although that action "ar[ose] from substantially the same events and involve[d] substantially the same property involved in" the 2017 action before Judge Humetewa (*id.*, Doc. 34 at 1), it involved a different set of defendants—specifically, six individual defendants who appeared to hold positions with the United States Bureau of Reclamation, the Arizona Land Department, and/or the Bard Water District (*id.*, Doc. 1 at 2-3). In a February 2019 order, Judge Willett dismissed without leave to amend on the grounds that Williams hadn't responded to some of the defendants' motions to dismiss and hadn't followed court orders. (*Id.*, Doc. 34 at 2.) The Ninth Circuit summarily affirmed in April 2020. (*Id.*, Doc. 40-1 ["[W]e conclude that the questions raised in this appeal are so insubstantial as not to require further argument."].)

Undeterred, Williams filed this action in January 2021. (Doc. 1.) The sole named defendant is Metropolitan. Although the complaint is not a model of clarity, Williams appears to be arguing that "due to racially discriminatory policies by the Bureau of Reclamation . . . , the black community [in Yuma Island] has never received water support."

(*Id.* at 4.) Williams continues: "Punitive damages are requested for Constitutional Rights violations in the amount of $50 million because Metro Water District has profited from the sell of the water since 1931. Metro Water District is a State Actor for California and a Actor at the federal level because the Bureau of Reclamation continues to defer to them in making a decision in whether to support the land with water as a senior party assigned a pri-02 for reclamation water." (*Id.* at 5.)

In March 2021, Metropolitan filed a motion to dismiss. (Doc. 7.) In its supporting memorandum, Metropolitan argues it is entitled to dismissal for five independent reasons: (1) this Court lacks personal jurisdiction, because "Metropolitan is a California special district created for the purpose of providing a supplemental supply of water in Southern California" and "Plaintiff's Leasehold is located in California, not in Arizona," so "there is simply no basis for Plaintiff's claims against Metropolitan to be tried in Arizona" (Doc. 8 at 10); (2) Williams lacks standing to raise a claim to, or otherwise challenge, the Colorado River water rights adjudicated in *Arizona v. California* (*id.* at 10-11); (3) this Court lacks subject matter jurisdiction over those rights (*id.* at 11-13); (4) Williams "is barred from relitigating whether Arizona is a necessary and indispensable party due to issue preclusion, and this action should be dismissed with prejudice because this fatal flaw cannot be remedied" (*id.* at 14-15); and (5) the complaint fails to state a claim under Rule 12(b)(6) (*id.* at 15-16).[1]

Williams filed a response to the motion to dismiss. (Doc. 12.) Unfortunately, it makes little effort to address the specific legal arguments raised by Metropolitan. Instead, it broadly states that "[t]his complaint is about systemic racism that excluded an African American community from the Yuma Reclamation Project that was authorized and funded by the U.S. Congress in 1904" and then provides several pages of elaboration on that theory. (*Id.* at 1-3.) Charitably construed, this discussion might be viewed as responsive to Metropolitan's fifth dismissal argument (the applicability of Rule 12(b)(6)). Additionally, pages three and four of the response offer some discussion of *Arizona v.*

---

[1] Metropolitan also contends, in the alternative, that it is entitled to a more definite statement under Rule 12(e). (*Id.* at 16-17.)

*California* that might charitably be construed as responsive to Metropolitan's second and third dismissal arguments (standing and subject matter jurisdiction). However, the response makes no effort to address Metropolitan's first dismissal argument (personal jurisdiction). Similarly, the response makes no effort to address Metropolitan's fourth dismissal argument (indispensable party and issue preclusion). To the contrary, it acknowledges the dismissal of the earlier lawsuits but chalks up those failures to "the levels of complicity at the federal, state, and local levels of government." (*Id.* at 5-6.)

In reply, Metropolitan argues that "the opposition is as unintelligible as Plaintiff's meritless Complaint" and that Williams's failure "to provide any substantive responses to Metropolitan's legal arguments" provides an independent basis for granting the motion to dismiss. (Doc. 13.)

The Court agrees with Metropolitan that dismissal is the appropriate outcome here. Williams bears the burden of establishing that this Court possesses personal jurisdiction over Metropolitan. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). His failure to respond to Metropolitan's arguments on that issue means that he hasn't met his burden and also may be construed as a concession that dismissal on this basis is warranted. *Currie v. Maricopa Cnty. Cmty. Coll. Dist.*, 2008 WL 2512841, *2 n.1 (D. Ariz. 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion.") (citing LRCiv 7.2(i)). Nor has Williams responded to Metropolitan's argument that dismissal is warranted due to the absence of an indispensable party, which is established through issue preclusion. This silence is again tantamount to a concession that dismissal is warranted on this basis.

The dismissal is without leave to amend. Ordinarily, such leave is granted freely, particularly in cases involving *pro se* litigants. *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). Nevertheless, this case represents one of those relatively rare instances in which it would not be appropriate to grant leave to

amend. Williams has engaged in serial litigation against Metropolitan and other defendants. His last two lawsuits in this Court were dismissed without leave to amend, in part due to his failure to respond to the defendants' dismissal arguments, and the Ninth Circuit summarily affirmed both of those dismissals. This lawsuit represents more of the same, and it is therefore "absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment." *Id.* at 1204.

Accordingly, **IT IS ORDERED** that Metropolitan's motion to dismiss (Doc. 7) is **granted**. The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 6th day of May, 2021.

Dominic W. Lanza
United States District Judge